Filed 11/18/24  P. v. Rizzo CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RANDY RAY RIZZO,<br><br>        Defendant and Appellant. | A169236<br><br>(Contra Costa County<br>Super. Ct. No. 05009320433) |

Randy Ray Rizzo appeals from a Penal Code[1] section 1172.75 resentencing order.  He asks us to remand his case so he can bring an as-applied equal protection challenge to his life without parole sentence in response to our Supreme Court's recent opinion in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).

Rizzo forfeited the opportunity to raise such a challenge at resentencing by bringing a different equal protection claim instead—one *Hardin* essentially forecloses and Rizzo does not defend on appeal.  We affirm the resentencing order, without prejudice to Rizzo's pursuit of a new equal protection theory through a habeas corpus petition or appropriate motion.

---

[1] Undesignated statutory references are to the Penal Code.

# I. BACKGROUND

When he was 24 years old, Rizzo killed his grandfather Orion Wesley Pannkuk and took a large amount of cash from Pannkuk's sock.[2]  After a bench trial, Rizzo was convicted of first degree murder with a robbery-murder special circumstance (§§ 187, 190.2, subd. (a)(17)) and second degree robbery (former § 212.5, subd. (b)), both with enhancements.  He was sentenced to life without parole for murder, plus one year for personal use of a deadly weapon (§ 12022, subd. (b)) and five years for a prior serious felony conviction (§ 667, subd. (a)).  For robbery with the same enhancements, Rizzo received a concurrent term of 11 years, which was stayed.  Sentences were stayed on enhancements for a prior prison term for robbery under former section 667.5, subdivision (b).

Effective in 2020, the Legislature amended section 667.5, subdivision (b) to apply only to prior prison terms for sexually violent offenses.  (Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Section 1172.75[3] followed, invalidating enhancements under section 667.5, subdivision (b) for other offenses (§ 1172.75, subd. (a)) and requiring those serving a term for a judgment with such an enhancement to be resentenced (*id.*, subds. (b), (c)).  (*People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662.)

In 2022, the Department of Corrections and Rehabilitation notified the trial court that Rizzo was eligible for resentencing under section 1172.75.

---

[2] This account is from this court's nonpublished opinion in *People v. Rizzo* (Feb. 29, 1996, A066867).

[3] This statute was formerly section 1171.1 (added by Stats. 2022, ch. 728, § 3), but the Legislature renumbered it to section 1172.75 (Stats. 2022, ch. 58, § 12).

Rizzo filed a statement in support, urging the court to strike the section 667.5, subdivision (b) enhancement and also to strike his section 667, subdivision (a) enhancement in furtherance of justice (§ 1385). He also objected to his life without parole sentence and claimed it violated equal protection following the enactment of section 3051—which provides certain others who offended before the age of 26 with an opportunity to seek parole. (See *Hardin*, *supra*, 15 Cal.5th at pp. 838–839.) Specifically, Rizzo claimed he should receive the same parole opportunity as comparable offenders "sentenced to a de facto life without parole sentence or to 25 years to life for first degree murder where a special circumstance was not charged." He relied on the opinion by the Court of Appeal in *People v. Hardin* (2022) 84 Cal.App.5th 273, 278–279, reversed (2024) 15 Cal.5th 834, which found an equal protection violation on this theory.

In response, the People agreed the trial court must strike Rizzo's section 667.5, subdivision (b) enhancement and did not oppose it striking the section 667, subdivision (a) enhancement. But they urged the court could not strike the robbery-murder special circumstance and must therefore reimpose a sentence of life without parole. The People claimed Rizzo's equal protection challenge was beyond the scope of section 1172.75 because section 3051 was not a " 'change[] in law that reduce[d] sentences or provide[d] for judicial discretion so as to eliminate disparity of sentences.' " (See § 1172.75, subd. (d)(2).) They offered that "[n]othing about the court's resentencing to a lesser [life without parole] sentence" would prevent Rizzo from petitioning for youthful offender parole review in the future.

The trial court held a resentencing hearing in November 2023. Rizzo's counsel argued his equal protection challenge was properly addressed at resentencing, just as constitutional objections may be raised at initial

3

sentencing, and in any case, section 3051 was a new law within the scope of section 1172.75. Counsel acknowledged Rizzo "may be able to pursue" his challenge as a "habeas claim[]," but noted there was no right to counsel in that context and insisted the issue was properly considered as part of a "full resentencing hearing" under section 1172.75.

The trial court stated, "[I]t's not entirely clear to me that [section] 1172.75 opens the door to this analysis," but nevertheless considered the equal protection argument "in an abundance of caution," rejecting it on the merits. The court explained it would follow authorities that rejected such challenges to section 3051 rather than the contrary decision by the Court of Appeal in *People v. Hardin*, *supra*, 84 Cal.App.5th 273. The court struck the enhancements under sections 667, subdivision (a) and 667.5, subdivision (b) but reimposed the sentence of life without parole and denied any further relief.

In March 2024, the Supreme Court issued its opinion in *Hardin*, *supra*, 15 Cal.5th 834, reversing the Court of Appeal. *Hardin* held that section 3051's exclusion of adult life without parole offenders does not violate equal protection, "either on its face or as applied to [those] serving life without parole sentences for special circumstance murder" generally. (*Hardin*, at p. 839.) But the opinion expressly did not foreclose "other as-applied challenges" to the statute "based on particular special circumstances or the factual circumstances of individual cases." (*Id.* at p. 864.)

## II. DISCUSSION

Rizzo now asks us to remand his case so he can bring a new equal protection challenge to his life without parole sentence in response to *Hardin*. He does not articulate the new theory he wishes to raise or ask us to resolve it in the first instance. He merely offers that *Hardin* suggests a more

4

tailored challenge might succeed and explains he did not raise one below because he did not anticipate *Hardin* would reject "a broad, facial equal protection challenge" but "might allow a narrower case-specific" as-applied challenge.[4]

Rizzo's claim is forfeited. *Hardin* did not invent the concept of an as-applied equal protection challenge, and appellate courts have long declined to consider one where "only a facial challenge was perfected in the lower courts." (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1080.) Courts of appeal may consider new facial challenges, which present "pure questions of law" resolvable without reference to the record developed below. (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.) But "[a]n as-applied constitutional challenge is forfeited unless previously raised." (*Ibid.*; see also *People v. Anderson* (2024) 104 Cal.App.5th 577, 584, fn. 1.) As our high court has explained, the forfeiture rule applies specifically to newly claimed constitutional defects in sentencing that are "correctable only by examining factual findings in the record or remanding to the trial court for further findings" as Rizzo would have us do here. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 887.)

On reply, Rizzo contends that if forfeiture applies, then his trial counsel provided ineffective assistance. However, if the record does not show why counsel acted as he or she did, " ' "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," ' " a claim of ineffective assistance must be rejected

---

[4] We decline Rizzo's further request that we "confirm" the narrower challenge suggested by *Hardin* would "appl[y] to [him]" and to "describe its parameters." We do not develop appellants' arguments for them. (*Arega v. Bay Area Rapid Transit Dist.* (2022) 83 Cal.App.5th 308, 318.)

5

on appeal.  (*People v. Johnson* (2016) 62 Cal.4th 600, 653.)  Here, Rizzo does not even articulate the narrower as-applied challenge he believes should be—or should have been—litigated below.  There is no way for us to evaluate his claim of ineffective assistance, which requires determining whether counsel's choice to forgo such a challenge was unreasonable and whether Rizzo suffered prejudice as a result.  (*Ibid.*)  As *Johnson* explains, Rizzo's claim is more appropriately presented though a petition for writ of habeas corpus.  (See *ibid.*)

A final point also bears on prejudice.  As the parties and the court discussed at the resentencing hearing, Rizzo remains free to bring a new equal protection challenge to his life without parole sentence via habeas petition.  (See *People v. Acosta* (2021) 60 Cal.App.5th 769, 780, fn. 5.)  Depending on the nature of the claim, Rizzo might also raise it through a motion for a section 3051 hearing or associated proceeding under *People v. Franklin* (2016) 63 Cal.4th 261.  (See *People v. Sands* (2021) 70 Cal.App.5th 193, 200–202.)  Our ruling is without prejudice to Rizzo's pursuit of a new equal protection challenge responsive to *Hardin* through an appropriate procedure.

### III.  DISPOSITION

The trial court's resentencing order is affirmed.

HILL, J.*


WE CONCUR:


HUMES, P. J.


LANGHORNE WILSON, J.


A169236
*People v. Rizzo*

---

* Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.